

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DAS:GMP                            *271 Cadman Plaza East*
F.#2010R01602                     *Brooklyn, New York 11201*


September 29, 2010


By Hand Delivery & ECF

The Honorable Joan M. Azrack
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:   United States v. Joaquin Veras
               Magistrate Docket No. 10-960

Dear Judge Azrack:

      The government respectfully requests a bail revocation hearing for the defendant in the above-captioned case. As set forth below, the defendant has violated the conditions of his pretrial release, and threatened an individual who he believes to be a cooperating witness, in violation of 18 U.S.C. § 1512(b).

I.    Factual Background

      On August 19, 2010, the defendant was arrested on a complaint charging him with conspiring to distribute more than 100 grams of heroin. The defendant was released on August 25, 2010, on an unsecured bond in the amount of $150,000, which was signed by five sureties.

      On September 27, 2010, the government received information that the defendant had been violating the conditions of his bail by attempting to threaten one of his co-defendants, Jose-Arturo de Jesus Vasquez, who was arrested on the same day as the defendant. Specifically, on or about September 20, 2010, a short man with a dark complexion, which describes the defendant's appearance, who was driving a white Ford Explorer, which matches the description of the defendant's vehicle, went to Vasquez's place of employment and asked Vasquez's co-workers where he could find Vasquez. The man fitting the defendant's description was noticeably upset with Vasquez. Six days later, on September 26, 2010, the defendant told one of Vasquez's acquaintances that he was looking for Vasquez, and that the acquaintance did not want to be around when the defendant caught up

with Vasquez.

The defendant's attempts to threaten his co-defendant, a potential witness, in this case are a direct violation of his bail conditions.  Under the circumstances, it appears that there is no condition or combination of conditions which will prevent the defendant from continuing to engage in such conduct.  The defendant's bail should therefore be revoked, and the defendant should be remanded into custody.

II.      Legal Analysis

A.   Statutory Framework

The ordinary statutory framework for initial bail determinations -- risk of flight and dangerousness to the community -- is significantly different from the framework for a bail revocation hearing.  While the initial bail determination is governed by 18 U.S.C. § 3142, revocation of bail is governed by section 3148, which provides, in relevant part, as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>    (1) finds that there is--
>       (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>       (B) clear and convincing evidence that the person has violated any other condition of release; and
>    (2) finds that--
>       (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>       (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that

> there are conditions of release that will assure
> that the person will not flee or pose a danger to
> the safety of any other person or the community,
> and that the person will abide by such conditions,
> the judicial officer shall treat the person in
> accordance with the provisions of section 3142 of
> this title and may amend the conditions of release
> accordingly.

18 U.S.C. § 3142(b).

Here, the facts set forth above are sufficient to establish probable cause to believe that the defendant has attempted to threaten a co-defendant, who is a potential witness, in this case.  The defendant was clearly seeking to intimidate Vasquez in an attempt to prevent him from potentially cooperating with law enforcement.

This conduct constitutes a violation of the defendant's bail because the defendant's actions constitute a new federal crime of witness tampering, in violation of 18 U.S.C. § 1512(b).[1]  Thus, a rebuttable presumption exists that there is no condition or combination of conditions which will assure the safety of the community.  Moreover, in light of the conduct set forth above, it is extremely doubtful that the defendant will abide by future release conditions imposed by this court.

B.   Relevant Case Law

The Second Circuit has affirmed the revocation of bail where a defendant has engaged in non-violent witness tampering through third parties.  In United States v. LaFontaine, 210 F.3d 125 (2d Cir. 2000), the defendant was indicted on various fraud charges stemming from a medical clinic in which the defendant submitted insurance claims for procedures which were never performed.  While released on bail, the defendant met with the daughter of a patient on whose behalf fraudulent claims had been submitted.  During the meeting, the defendant asked the witness to "'remind' her mother that she had a hernia operation and a procedure on her nose at the clinic, even though [the defendant] knew that to be false."   210 F.3d 128.  Under

---

[1]Pursuant to section 1512(b), witness tampering occurs when a person "knowingly uses intimidation, threatens or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay or prevent the testimony of any person in an official proceeding."  18 U.S.C. § 1512(b).

such circumstances, the Court of Appeals upheld the district court's revocation of the defendant's bail.

As an initial matter, the court held that the government may satisfy its burden of proof by providing the relevant facts through an attorney proffer, noting that "[i]t is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts." LaFontaine, 210 F.3d at 131 (citing United States v. Davis, 845 F.2d 412, 415 (2d Cir. 1988)).  The court also rejected the defendant's contention that revocation and remand was inappropriate due to the non-violent and non-threatening nature of the her conduct:

> [W]e see no persuasive reason to distinguish between violent and nonviolent obstruction for the purpose of determining whether proffers are an acceptable method of proof. As will be seen below, witness tampering by either means has supported detention or revocation of bail....
>
> The witness tampering statute plainly does not require "physical force" or "threats" to support a tampering charge; corrupt influence is sufficient.

210 F.3d at 132-33.

Here, the defendant has engaged in witness tampering that went a step beyond the conduct in LaFontaine – the defendant made thinly-veiled threats towards Vasquez.  As set forth in section 3148, revocation is required where there is probable cause to believe that the defendant has committed another federal, state or local crime.  In this regard, the Second Circuit reasoned that "[p]robable cause under § 3148(b)(1)(A) requires only a 'practical . . . probability' that the evidence supports a finding 'that the defendant has committed a crime while on bail.'" Id. (quoting United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986).

In addition, the court in LaFontaine also held that non-violent, non-threatening witness tampering constitutes a danger to the community:

> Although LaFontaine's case is somewhat unusual in that there are no allegations of violence or threats aimed against witnesses, we do not find that to be determinative on the issue of "danger to the community." First, we have held that a record of violence or dangerousness in that sense is not necessary to support pretrial

detention. (citations omitted).  Second,
obstruction of justice has been a traditional
ground for pretrial detention by the courts, even
prior to detention for dangerousness which was
instituted by the Bail Reform Act of 1984.
(citations omitted).

In <u>Gotti</u>, we held that a single incident of
witness tampering constituted a 'threat to the
integrity of the trial process, rather than more
generally a danger to the community,' and was
sufficient to revoke bail. (citations omitted).
The <u>Gotti</u> court reasoned that pretrial detention
was even more justified in cases of violations
related to the trial process (such as witness
tampering) than in cases where the defendant's
past criminality was said to support a finding of
general dangerousness....

Consequently, we reject LaFontaine's
contention that her attempts to influence the
testimony of Reyes Jr., among others, does not
constitute the type of danger to the community
that would support detention.

<u>LaFontaine</u>, 210 F.3d 134-35.

This Court has revoked the bail of defendants under similar
circumstances, <u>see</u>, <u>e.g.</u>, <u>United States v. Stathakis</u>, 04 CR 790
(E.D.N.Y. 2007) (Go, M.J.).  Following the holding of the Court of
Appeals in <u>LaFontaine</u>, this Court should revoke the defendant's bail
due to his threatening of a potential witness.

The government therefore respectfully requests that the

defendant's bail be revoked, and that he be remanded to the custody of the United States Marshals.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:  /s/_____
Gina M. Parlovecchio
Assistant U.S. Attorney
(718) 254-6228

cc:  Telesforo DelValle, Esq.